UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL RAMOS,

                          Plaintiff,                   5:22-CV-0765
                                                                 (MAD/ML)
v.

ONONDAGA COUNTY DISTRICT
ATTORNEY'S OFFICE,

                          Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

PAUL RAMOS
  Plaintiff, *Pro Se*
Onondaga County Justice Center
555 South State Street
Syracuse, New York

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2) to the Court for review. For the reasons discussed below (1) Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is denied, and (2) I recommend that his Complaint (Dkt. No. 1) be dismissed in its entirety without leave to amend.

**I.     BACKGROUND**

Liberally construed,[1] Plaintiff's Complaint[2] asserts that his rights were violated by the Onondaga County District Attorney's Office ("Defendant"). (*See generally* Dkt. No. 1.)

More specifically, Plaintiff alleges that at some time in 2015, he pleaded guilty to a crime that he did not commit. (*Id.*) Plaintiff alleges that in or around March 28, 2017, he was informed by his criminal defense attorney that the witness upon whom the People relied on, admitted that the testimony provided was false. (*Id.*)

Based on these factual allegations, Plaintiff appears to assert the following two claims: (1) a claim of false imprisonment pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, and (2) a claim of malicious prosecution pursuant to the Fourth Amendment and 42 U.S.C. § 1983. (*Id.*) As relief, Plaintiff seeks $5,000,000.00 in damages. (*Id.*)[3]

Plaintiff also filed an application to proceed *in forma pauperis*. (Dkt. No. 2.)[4]

**II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

A civil action is commenced in federal district court by filing a complaint. Fed. R. Civ. P. 3. The statutory filing fee must be paid at the time an action is commenced unless the plaintiff seeks IFP status. 28 U.S.C. §§ 1914(a), 1915(a). Where a prisoner files an IFP application, Rule

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]     Plaintiff also filed a supplement to the Complaint. (Dkt. No. 4.) Construing the Complaint liberally, as the Court must, the Court considered the additional factual details contained in the supplement to the Complaint.

[3]     The Court notes that the Complaint was signed by Amy Valachovic as power of attorney for Plaintiff.

[4]     The IFP application was also signed by Ms. Valachovic as power of attorney for Plaintiff.

2

5.1.4 of the Local Rules of Practice for the Northern District of New York requires that he also submit a completed and signed inmate authorization form. N.D.N.Y. L.R. 5.1.4(b)(1)(B).

The statute governing a prisoner's application to proceed IFP in federal court, 28 U.S.C. § 1915, provides, in pertinent part, that an IFP request must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Rule 5.4 of the Local Rules of Practice for the Northern District of New York, a prisoner seeking IFP status in a civil action may satisfy the statutory requirements by submitting a completed, signed, and certified IFP application. N.D.N.Y. L.R. 5.1.4(b)(1)(A). A "certified" IFP application is one on which the certificate portion at the bottom of the form has been completed and signed by an appropriate official at the plaintiff's facility. The certificate portion of the application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months. Accordingly, inmates requesting IFP status may either submit a completed, signed, and certified IFP application as provided in the Local Rules, or they may submit certified copies of their account statements for the six-month period immediately preceding the filing of a complaint as set forth in 28 U.S.C. § 1915(a)(2).[5]

Upon review, the Court finds that plaintiff's IFP application is incomplete. Plaintiff has neither submitted a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint nor submitted a certified IFP

---

[5] Upon compliance with the filing fee requirements, the Court must also consider the plaintiff's request to proceed IFP in light of the "three strikes" provision of 28 U.S.C. § 1915(g) and, if appropriate, review the complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

application in accordance with the Court's Local Rules.  To do away with these requirements would disregard a requirement clearly set forth in an Act of Congress.  *See* 28 U.S.C. § 1915(a)(2) (providing that the prisoner "shall" submit the information in question).  In addition, Plaintiff has not submitted a completed and signed inmate authorization form in accordance with the Court's Local Rules.

As a result, Plaintiff's IFP application is incomplete and must be denied.  If Plaintiff wishes to renew his IFP application, he must, within thirty days of the Court's ruling on this Order and Report-Recommendation, submit (1) either (a) the $402.00 filing fee in full, or (b) a completed, signed, and certified IFP application,[6] and (2) a completed and signed inmate authorization form.  If Plaintiff fails to timely comply, I recommend that this action be dismissed without prejudice.

### III. RELEVANT LEGAL STANDARD GOVERNING INTIAL REVIEW OF A COMPLAINT

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP.  Because, however, as is discussed more completely below, I find that Plaintiff's Complaint seeks monetary relief against Defendant who is immune from such relief, 28 U.S.C. § 1915 requires that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]"  28 U.S.C. § 1915(e); *see also* 28 U.S.C. 1915A(a) ("The court shall review . . . as soon as practicable . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

---

[6] As noted above, certified account statements may be submitted in lieu of the completed certificate portion of the IFP application.  28 U.S.C. § 1915(a)(2).

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that — . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[7] Similarly, under 28 U.S.C. § 1915A, a court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[7] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

(2007), *rev'd on other grounds*, 682 F. App'x 30. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## IV.  ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having considered the Complaint, I recommend that it be dismissed in its entirety without leave to amend.[8]

---

[8] The Court notes that "[a] power of attorney does not allow that person to proceed pro se on behalf of their principal[.]" *Clark v. Burge*, 06-CV-0658, 2007 WL 1199475, at *2 (W.D.N.Y. Apr. 19, 2007); *accord Megna v. U.S. Dep't of Navy*, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) ("Although New York General Obligations Law § 5-1502H authorizes an agent holding a sufficient power of attorney, '[t]o assert and prosecute before any court . . . any cause of action . . . which the principal has, or claims to have, against any individual,' that statute only permits the agent to hire on behalf of her principal, *see e.g. In re Khoubesserain*, 264 A.D.2d 599, 600 (N.Y. App. Div. 2d Dep't 1999), *leave to appeal denied*, 94 N.Y.2d 757 (1999), not to commence an action pro se in the name of her principal."). As a result, even assuming that Plaintiff properly granted power of attorney to Ms. Valachovic, there is no indication that Ms. Valachovic is an attorney and thus authorized to bring an action in Plaintiff's name. *See LaPietra v. City of Albany Police Dep't*, 19-CV-1527, 2020 WL 8910894, at *1-2 (N.D.N.Y. Jan. 15, 2020) (McAvoy, J.) (dismissing without prejudice any claims brought by power of

Plaintiff's claims against Defendant—which seek monetary damages—are barred by the Eleventh Amendment to the United States Constitution.  "Stated as simply as possible, the Eleventh Amendment means that, as a 'general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity,' or unless Congress has 'abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment.'"  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Woods*, 466 F.3d at 236.  "'When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.'"  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (quoting *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988), *cert. denied*, 488 U.S. 1014 (1989)).

As a result, Plaintiff's claim against Defendant is barred by the Eleventh Amendment.  *See Best v. Brown*, 19-CV-3724, 2019 WL 3067118, at *2 (E.D.N.Y. July 12, 2019) (dismissing the plaintiff's claim against the Office of the Queens County District Attorney as barred by the Eleventh Amendment); *see also D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017) (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993)) ("[I]f a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the state, and therefore immune from suit in her official capacity."); *Rich v. New York*, 21-CV-3835, 2022 WL 992885, at *5 n.4 (S.D.N.Y. Mar. 31, 20221) ("any claims Plaintiff may raise against the

---

attorney LaPietra on behalf of Tarver and refusing to permit power of attorney LaPietra to sign Court submissions on behalf of Tarver).

DA Defendants in their 'official capacity' would be precluded by immunity under the Eleventh Amendment."); *Gentry v. New York*, 21-CV-0319, 2021 WL 3037709, at *6 (N.D.N.Y. June 14, 2021) (Lovric, M.J.) (recommending dismissal of the plaintiff's claims against the defendant assistant district attorneys in their official capacities—which were effectively claims against the State of New York—as barred by the Eleventh Amendment), *adopted by Gentry v. New York*, 2021 WL 3032691 (N.D.N.Y. July 19, 2021) (Suddaby, C.J.).[9]

---

[9] The Court also notes that Plaintiff's claims are likely either not ripe for review pursuant to the rule of *Heck* or barred by the statute of limitations. In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "Thus, under *Heck* and its progeny, a Section 1983 . . . action 'is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Johnson v. Fargione*, 20-CV-0764, 2021 WL 1406683, at *4 (N.D.N.Y. Feb. 17, 2021) (McAvoy, J.) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)). Plaintiff's claim, if successful, would necessarily invalidate his confinement and conviction, and the Complaint fails to allege facts plausibly suggesting that his conviction was invalidated. Thus, Plaintiff's claim is likely barred pursuant to *Heck*. Alternatively, to the extent that Plaintiff's claim is not barred by *Heck*, it is likely barred by the statute of limitations. The statute of limitations for a § 1983 action accruing in New York is three years. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint). The conduct that Plaintiff's Complaint concerns appears to have occurred in 2017, more than three years before the commencement of this action. As a result, any claim pursuant to 42 U.S.C. § 1983 is barred by the statute of limitations.

8

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

Here, better pleading could not cure the Court's lack of subject matter jurisdiction based on the immunity described above with respect to Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendant Onondaga County District Attorney's Office. As a result, I recommend that Plaintiff's Complaint be dismissed without prejudice and without leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED**;[10] and it is further respectfully

---

[10]     To the extent that the Court does not adopt this Order and Report-Recommendation and Plaintiff's Complaint survives *sua sponte* review, if Plaintiff wishes to proceed with this action, he must either (i) pay the $402.00 filing fee, or (ii) submit a renewed IFP application detailing

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) because it seeks monetary relief against Defendant, who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a); and it is further respectfully

**ORDERED** that the Clerk of the Court shall serve a copy of this Order Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[11]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: October 25, 2022
    Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

his current financial condition complete with the required inmate authorization form, within thirty (30) days from the date of the filing of Court's Decision and Order.  Failure to comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

[11]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).